## VINES *v.* CHISOLM.

*(Supreme Court, General Term, Second Department. May 14, 1888.)*

1. FRAUD—FRAUDULENT SALE—ACTIONS FOR—EVIDENCE—REPRESENTATIONS OF DEFENDANT.

   In an action for damages for a fraudulent sale to plaintiff by defendant of valueless mining stocks, plaintiff, who lived in a foreign country, having made the purchase by letter, testimony on the part of plaintiff, taken by commission, as to what were the representations made by defendant in a letter, which letter was not denied by defendant, and was annexed to the commission, and also testimony that he believed defendant's statements, and bought in faith of them, is admissible.

2. SAME—ACTION FOR FRAUDULENT SALE OF STOCK—EVIDENCE—PREVIOUS SALES.

   In such case, defendant having represented to plaintiff that the stock was held at a dollar a share, but by a special arrangement he could get it for plaintiff at 50 cents, and plaintiff having bought relying on such representations, evidence that some of the stock had sold at a dollar a share is inadmissible, as of no importance to the issue.

3. SAME—ACTION FOR FRAUDULENT SALE OF STOCKS—EVIDENCE—OFFER TO RETURN STOCK.

   In an action for damages for a fraudulent sale of valueless stocks, evidence of a tender of the stock by plaintiff to defendant was properly admitted, as the tender, if fraud was proved, would entitle plaintiff to a return of the money paid, in addition to the damages otherwise sustained.

4. SAME—ACTION FOR FRAUDULENT SALE OF STOCKS—EVIDENCE—INSOLVENCY OF STOCK COMPANY.

   In an action for damages for the fraudulent sale of mining stocks, it is proper to prove the insolvency of the mining company by its books.

Appeal from circuit court; CULLEN, Justice.

Action by William R. Vines against Alexander Chisolm for damages for a fraudulent sale by defendant to plaintiff of worthless mining stocks. Judgment for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and PRATT, J.

*George Putnam Smith, (Frederick A. Ward,* of counsel,) for appellant. *Earle & Turner, (George F. Murray* and *Horace E. Deming,* of counsel,) for respondent.

BARNARD, P. J. Under the proof as given to the jury, this action was a plain one. The defendant were the brokers and agents of the plaintiff, who lived in New Zealand. The defendant represented to the plaintiff that they had secured contracts of a mining company known as the "Bellevue Company," in Idaho; that the stock was selling at 50 cents per share; that they (defendant) had sent out one Horton to see that the money was properly expended, and that he had made an "unexpected strike," and the company refused thereupon to sell for less than $1 a share; that, by an arrangement had with the company, they could demand a certain amount of the stock at the 50-cent price; that they wanted the plaintiff to have the advantage of this lower price, and offered him 6,000 shares for $3,000. The plaintiff relied on

these representations and bought. The defendant never had the contract of the Bellevue mine. The stock never had any value. The defendants had no arrangement to demand any shares at 50 cents a share, but the defendants had received the shares in question for selling other shares for the Bellevue Company, and the stock was, in point of fact, worthless, and without any market price. The narrative is so common as to be almost invariable in its uniformity in cases where money is to be obtained by falsely exciting hopes of gain in the purchaser. The great difficulty is why it is believed. Such narratives are believed, and money is parted with on the strength of them; and the jury have found that the plaintiff is one of these credulous persons who overlook experience, prudence, and business experience. Assuming the facts to be true, the law does not permit the agent to keep the money as if it were honestly acquired. It was obtained by falsehood, and constitutes what is denominated fraud.

The only material question, therefore, on this appeal, is whether improper evidence was either received or excluded, to the defendant's prejudice. The plaintiff's evidence was taken by commission; and, by interrogatory put to him, he was asked to state the representations made in respect to the stock, and whether in his faith in their truth he purchased. The answer stated the representations as made by letter from defendants to him, and the letter was annexed to the commission. He also stated that he believed in the statements, and bought on them. These answers were admissible. The letter was not denied by the defendant, and the answer was not evasive. It is always permissible, and for that reason necessary, to show that the purchase was made upon a reliance that the representation was true.

It was proper to exclude an announcement by Horton to the witness Johnson of sales of the stock at a dollar a share. If Horton did tell him so, the fact was of no importance upon the issue to be tried. It was proper to prove the insolvency of the company by its books.

A tender of the stock by plaintiff to the defendant was properly admitted. It was part of the plaintiff's case. If there was fraud in the sale, a tender of the stock entitled the plaintiff to the money paid. If there was no tender, the measure of damages would be based upon the injury resulting to plaintiff on the basis of a retention of the stock by plaintiff. As the stock was proven worthless, and there was no testimony to the contrary, it was not an important question, whether the verdict was based upon one theory or the other.

The defendant published a paper called the "Money Record." Mr. Horton made statements to a local journal in Idaho, which were copied in the Money Record. These statements were read to the jury. A question put to the printing superintendent, that the extracts were copies of the local paper, was answered in the affirmative, and the answer stricken out. The true inquiry was, as stated by the court, did the plaintiff believe the reports? He had already answered that he did.

There are, therefore, no exceptions which are of sufficient weight to call for a reversal of the judgment. Judgment affirmed, with costs.

PRATT, J., concurs.